

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-72,951-03

### EX PARTE LARRY BELTRAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D1DC08500396 IN THE 147TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to life imprisonment. The Third Court of Appeals affirmed his conviction. *Beltran v. State*, No. 03-10-00438-CR (Tex. App.–Austin, December 21, 2012).

Applicant contends that his trial counsel rendered ineffective assistance. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim.

App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make the following findings of fact and conclusions of law: (1) whether trial counsel was deficient for eliciting testimony from a prosecution witness regarding Applicant's prior conviction for a sexual offense; (2) whether trial counsel was deficient for failing to confront and impeach the complainant with prior inconsistent statements; (3) whether trial counsel was deficient for failing to object to the State's use of the victim's perjured statements; (4) whether trial counsel was deficient for failing to object to the prosecutor eliciting testimony from a witness concerning the victim's propensity for truthfulness; (5) whether trial counsel was deficient for failing to object to the prosecutor's closing statement that improperly bolstered the credibility of the victim's testimony; (6) whether trial counsel was deficient for failing to object to expert testimony that directly commented on the complainant's credibility; (7) whether trial counsel was deficient for failing to obtain a defense expert to rebut the State's expert; and, (8) whether trial counsel was deficient for failing to obtain an expert to introduce exculpatory evidence. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 23, 2014
Do not publish